CECILE S. SAVAGE, PLAINTIFF-APPELLEE, v. WILLIAM L. VANDERHOOF, DEFENDANT-APPELLANT.

Argued October term, 1925—Decided March 18, 1926.

**Sale of Real Estate—Defendant Received Deposit as Bailee to be Returned Under Certain Conditions—No Evidence That such Conditions Arose—Half of Deposit Afterward Returned by Principal—Action Against Bailee for Remainder Will Not Lie.**

On appeal from the Orange District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Howe & Davis.*

For the defendant-appellant, *William Tyacke.*

PER CURIAM.

This appeal lies from a judgment for $55, rendered in the Orange District Court, without a jury, in favor of plaintiff.

The state of demand alleges that plaintiff made and executed a written contract with the estate of George B. Harrison for the purchase of certain realty; that upon the execution of the contract plaintiff paid to defendant, as agent of the estate, the sum of $100 as a deposit on the purchase price of the property; that plaintiff has had returned to her by the estate of G. B. Harrison the sum of $50, and has been advised that the remainder of said deposit is in the possession of the defendant. For some unstated reason the title never passed, and this action was brought to recover $50, the unreturned balance of the deposit. The proof showed that the deposit was paid to the defendant on the day preceding the day of execution of the contract. The receipt given by the defendant was as follows:

"May 22, 1922.

Received Mrs. C. Savage a deposit of $100 on lots [description]. Selling price $1,000. Balance $900 if owners are satisfied or money refunded.

W. L. VANDERHOOF."

If the facts were as alleged in the state of demand, it was the defendant's duty, as agent of the owner, to turn the deposit over to his principal; if he failed in this duty the right to its payment vested in the principal and not in the plaintiff. *Lewis* v. *Morris Realty Co.*, 3 *N. J. Mis. R.* 393; *affirmed*, 3 *N. J. Adv. R.* 1721.

The court found as a fact "there was no disclosure of the principal, or that there was a principal beyond the defendant until after the money had been paid."

We conclude that the defendant received the deposit as a bailee, trustee or stakeholder, under terms which imposed upon him a personal liability to refund the deposit upon a certain contingency, *i. e.*, if owners were not satisfied with the offer.

There was no proof that the contingency ever happened; that the contrary was the fact is evidenced by the contract wherein the owner agreed with the plaintiff to sell him the property.

It is also to be observed that the contract of sale executed by the plaintiff recited that the $100 deposit was part of the consideration for the sale, and its receipt was acknowledged by the owners.

The case, in essential particulars, is not unlike *Sherwood* v. *Gaddis*, 26 *N. J. L.* 11, and *McCauley* v. *Ridgewood Trust Co.*, 81 *Id.* 86.

The judgment will therefore be reversed.